UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Franklin Williams, ) | Civil Action No.: 2:14-cv-02129-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Franklin Williams seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act). The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) for the District of South Carolina. *See* R & R, ECF No. 18. The Magistrate Judge recommends the Court affirm the Commissioner's decision. R & R at 1, 16.

**Factual Findings and Procedural History**

On May 20, 2008, Plaintiff applied for DIB and supplemental security income benefits alleging a disability onset date of April 15, 2005, due to back pain resulting from a work-related injury that occurred in 2004. Administrative Transcript (Tr.) at 102, 108. The Commissioner denied his application initially and on reconsideration, so Plaintiff requested a hearing before the Administrative Law Judge (ALJ). Tr. at 102. The ALJ held a hearing on May 13, 2010, and on August 11, 2010, the ALJ issued a partially favorable decision finding Plaintiff was disabled from April 15, 2005, through March 10, 2010. Tr. at 102-13.

On September 22, 2010, Plaintiff reapplied for DIB due to alleged ongoing back problems, claiming disability as of April 15, 2005. Tr. at 23. The Commissioner denied his application initially and on reconsideration, so Plaintiff sought a hearing before the ALJ. Tr. at 23. On August 21, 2012, the ALJ held a hearing during which Plaintiff amended his alleged disability onset date from April 15, 2005, to March 12, 2010. Tr. at 23. The ALJ issued an unfavorable decision on September 27, 2012, finding Plaintiff was not disabled from March 12, 2010, through the date of its September 27, 2012 decision. Tr. at 23-33. The ALJ's findings were as follows:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2014.

2. The claimant has not engaged in substantial gainful activity since March 12, 2010, the alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairment: degenerative disc disease (20 CFR 404.1520(c)).

. . . .

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

. . . .

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with postural and environmental restrictions.

. . . .

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

. . . .

    7.      The claimant was born on June 7, 1976 and was 33-36 years old since the alleged disability onset date, which is defined as a younger individual age 18-49 (20 CFR 404.1563).

    8.      The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

    9.      Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

    10.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

. . . .

    11.    The claimant has not been under a disability, as defined in the Social Security Act, from March 12, 2010, through the date of this decision (20 CFR 404.1520(g)).

Tr. at 25-26, 31-32.

The Appeals Council granted Plaintiff's request to review the ALJ's decision. Tr. at 4. On April 3, 2014, the Appeals Council issued an unfavorable decision adopting the ALJ's findings and conclusions, and also expanding the ALJ's residual functional capacity assessment. Tr. at 4-7. The Appeals Council made the following overall findings:

    1.      The claimant met the special earnings requirement of the Act on March 12, 2010, the date the claimant stated he became unable to work and continues to meet them through December 31, 2014.

              The claimant has not engaged in substantial gainful activity since March 12, 2010.

    2.      The claimant has the following severe impairment:

3

>       degenerative disc disease, but does not have an impairment or combination of impairments which is listed in, or which is medically equal to an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1.

3.      The claimant's impairment results in limitations on his ability to perform work-related activities. He has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). Specifically, he can lift 20 pounds occasionally and 10 pounds frequently. He can sit, stand and walk for up to six hours each in an eight-hour workday. He requires a work environment that would permit him to change position throughout the workday (i.e. a "sit/stand option"); but does not require that he leave the workstation, should not result in him being off task more than 5% of the time and would require him to work 15 minutes before change is required. He is not able to climb ladders. He can stoop, kneel, crouch and crawl occasionally. He can perform tasks that require balancing frequently. He should avoid concentrated exposure to cold and humidity and should also avoid concentrated exposure to workplace hazards; and must not be required to stand on concrete for an entire eight-hour workday. In view of the above limitations, the claimant has the residual functional capacity to perform a reduced range of the light exertional level.

4.      The claimant's subjective complaints are not fully credible for the reasons identified in the body of the Administrative Law Judge's decision.

5.      The claimant is unable to perform past relevant work as a construction worker II; a warehouse worker; a forklift operator; and a machine operator.

6.      The claimant is a younger individual and has a limited or less education. The claimant's past relevant work is semiskilled or skilled. The issue of transferability of work skills is not material in view of the claimant's age and residual functional capacity.

7.      If the claimant had the capacity to perform the full range of the light exertional level, 20 CFR 404.1569 and Rule 202.18, Table No. 2 of 20 CFR Part 404, Subpart P, Appendix 2, would direct a conclusion of not disabled. Although the

4

> claimant's exertional and nonexertional impairments do not allow him to perform the full range of the light exertional level, using the above-cited Rule as a framework for decision-making, there are a significant number of jobs in the national economy which he could perform.

> 8. The claimant is not disabled as defined in the Social Security Act at any time through the date of the ALJ's decision (September 27, 2012).

Tr. at 6-7. The Appeals Council's decision became the final decision of the Commissioner.

On June 2, 2014, Plaintiff filed a complaint seeking judicial review of the Commissioner's decision. Complaint, ECF No. 1. Both Plaintiff and the Commissioner filed briefs, ECF Nos. 13, 15, & 16, and the Magistrate Judge issued her R & R on June 23, 2015, recommending that the Commissioner's decision be affirmed. R & R at 1, 16. Upon receiving an extension of time to file objections to the R & R, Plaintiff filed objections on July 13, 2015. Pl.'s Objs., ECF No. 20. The Commissioner replied to the objections on July 30, 2015. Def.'s Reply, ECF No. 23.

Plaintiff presents two issues to the Court, arguing the ALJ erred in (1) weighing a treating physician's opinion and (2) evaluating Plaintiff's credibility. *See* Pl.'s Br., ECF No. 13 at 18, 25.

## Standard of Review

### I. Judicial Review of the Commissioner's Findings

The federal judiciary has a limited role in the administrative scheme established by the Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

5

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it). This standard of review does not require, however, mechanical acceptance of the Commissioner's findings. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## II.     The Court's Review of the Magistrate Judge's R & R

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error

6

in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## **Determination of Disability**

Under the Act, Plaintiff's eligibility for the benefits he is seeking hinges on whether he is under a "disability." 42 U.S.C. § 423(a). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A). The claimant bears the ultimate burden to prove disability. *Preston v. Heckler*, 769 F.2d 988, 991 n.\* (4th Cir. 1985). The claimant may establish a prima facie case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P of Part 404 of Title 20 of the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

If such a showing is not possible, a claimant may also establish a prima facie case of disability by proving he could not perform his customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664, 666-68 (4th Cir. 1975). This approach is premised on the claimant's inability to resolve the question solely on medical considerations, and it is therefore necessary to consider the medical evidence in conjunction with certain vocational factors. 20 C.F.R. §§ 404.1560(a) & § 416.960(a). These factors include the claimant's (1) residual functional capacity, (2) age, (3) education, (4) work experience, and (5) the existence of work "in significant

numbers in the national economy" that the individual can perform. *Id.* §§ 404.1560(a), 404.1563, 404.1564, 404.1565, 404.1566, 416.960(a), 416.963, 416.964, 416.965, & 416.966.  If an assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it then becomes necessary to determine whether the claimant can perform some other type of work, taking into account remaining vocational factors. *Id.* §§ 404.1560(c)(1) & 416.960(c)(1). Appendix 2 of Subpart P governs the interrelation between these vocational factors.  Thus, according to the sequence of evaluation suggested by 20 C.F.R. §§ 404.1520 & 416.920, it must be determined (1) whether the claimant currently has gainful employment, (2) whether he suffers from some physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are met, the impairment prevents him from returning to previous work, and (5) whether the impairment prevents him from performing some other available work.

## **Discussion**

The Magistrate Judge recommends affirming the Commissioner's decision, concluding that substantial evidence supports the decision and that the ALJ and the Appeals Council committed no reversible legal error.  R & R at 1, 16.  First, the Magistrate Judge finds substantial evidence supports the ALJ's evaluation of Plaintiff's credibility. *Id.* at 10-13.  Second, the Magistrate Judge finds the ALJ did not improperly weigh the medical opinion of one of Plaintiff's treating physicians, Dr. Robert Westrol, regarding Plaintiff's functional limitations. *Id.* at 13-16.  Plaintiff objects to each of the Magistrate Judge's recommended findings and conclusions. *See* Pl.'s Objs.  His objections largely rehash the arguments that he raised in his briefs and that were addressed by the Magistrate Judge. *Compare id.*, *with* ECF Nos. 13 & 16 (Plaintiff's brief and response brief).  However, in light of Plaintiff's objections and pursuant to 28 U.S.C. § 636(b)(1), the Court must conduct a de novo review

8

of the Magistrate Judge's R & R.  The Court addresses Plaintiff's objections in turn.

## I.     Plaintiff's Credibility

Plaintiff contends the ALJ erred in discrediting his statements concerning the intensity, persistence, and limiting effects of his back pain.  Pl.'s Objs. at 8-11.  He argues the ALJ failed to consider his compliance with treatment and improperly substituted her lay medical opinion for that of Plaintiff's treating doctors to conclude Plaintiff's daily activities showed he was not credible.  *Id.* at 9-11.  Plaintiff also claims the administrative record contains ample objective evidence supporting his complaints of pain.  *Id.* at 9.

Assessing a claimant's credibility involves a two-step process.  *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996) (citing 20 C.F.R. §§ 416.929(b) & 404.1529(b)).  First, objective medical evidence must show the existence of a medical impairment that "could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant."  *Id.* (internal quotation marks omitted).  If the Commissioner determines the threshold step is satisfied, the Commissioner must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects h[is] ability to work.[1]  *Id.* at 595.  The Commissioner's evaluation must account for not only Plaintiff's statements about his pain, but also for all available evidence, "including the claimant's medical history, medical signs, and laboratory findings . . . ; any objective medical evidence of pain . . . ; and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific

---

[1] The regulations set forth a framework for evaluating symptoms and prescribe seven factors for analyzing the claimant's credibility.  20 C.F.R. § 404.1529(c)(3).  The Commissioner must consider the following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) circumstances that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; (6) any measures other than treatment that the claimant uses or has used to relieve pain or other symptoms (e.g. lying flat on his back or standing for several minutes each hour); and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.  *Id.*

descriptions of the pain, and any medical treatment taken to alleviate it." *Id.* (internal quotation marks and citations omitted). The Commissioner may not disregard or discredit Plaintiff's statements about pain solely because they are not substantiated by objective medical evidence. *Id.* Once a claimant meets the "threshold obligation of showing by objective medical evidence a condition reasonably likely to cause the pain claimed, [the claimant is] entitled to rely exclusively on subjective evidence to prove the second part of the test, *i.e.*, that his pain is so continuous and/or so severe that it prevents him from working a full eight hour day." *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006). However,

> This is not to say . . . objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. They most certainly are. Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers . . . .

*Craig*, 76 F.3d at 595. Under its scope of review, the Court cannot make credibility determinations but may review the ALJ's decision to determine whether substantial evidence supports the ALJ's credibility assessment. *Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005). The ALJ's "decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." SSR 96-7p.

Here, the ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," but further found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment." Tr. at 29-30. The Court agrees with

the Magistrate Judge that the ALJ properly considered other evidence to evaluate Plaintiff's statements. As the Magistrate Judge notes, Plaintiff has a history of back injury and surgery, but medication and occasional injections have served as adequate conservative treatment for his condition. R & R at 11. Moreover, Plaintiff's allegations are not entirely consistent with his level of physical and social activities, and Plaintiff was not completely truthful when responding to the ALJ's questions about his drug use. R & R at 12-13. Although Plaintiff asserts the Magistrate Judge improperly assumed Plaintiff attended a methadone clinic for illegal drug use, *see* Pl.'s Objs. at 10, the Magistrate Judge made no such assumption. Rather, the Magistrate Judge correctly noted that Plaintiff simultaneously had two prescriptions for controlled substances and did not inform his prescribing physicians of the duplicate prescriptions or advise them of his attendance at the methadone clinic,[2] and that Plaintiff was not fully compliant with his drug treatment program because he self-administered amphetamines (in the form of diet pills) on multiple occasions. R & R at 12. In sum, the ALJ provided specific reasons for discrediting Plaintiff's statements, and the record contains substantial evidence supporting the ALJ's credibility determination.

## II.     Dr. Westrol's Opinion

Plaintiff argues the ALJ erred in weighing Dr. Westrol's opinion about Plaintiff's functional limitations, claiming that if believed, Dr. Westrol's opinion would support a finding of disability. Pl.'s Objs. at 1-8. Plaintiff points to a two-paragraph opinion rendered by Dr. Westrol on May 28, 2012, in which he found Plaintiff should be limited to sedentary work. Pl.'s Objs. at 1-8; Tr. at 429. The ALJ

---

[2]     A pharmacist had to call and inform one doctor (Dr. Kevin W. Kopera) about Plaintiff's duplicate drug prescriptions. R & R at 3 (citing Tr. at 290). Additionally, although Plaintiff told another doctor (Dr. Westrol) at an *October 2011* appointment that he had no history of illegal drug use or prescription misuse, Dr. Westrol learned at a *May 2012* appointment that Plaintiff had been attending a methadone clinic "*for about one year.*" Tr. at 384, 416, 418 (emphasis added).

11

gave this opinion "only some weight." Tr. at 30.

The medical opinion of a treating physician is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); *see also Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig*, 76 F.3d at 590. "Under such circumstances, the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro*, 270 F.3d at 178.

If the ALJ decides a treating physician's opinion is not entitled to controlling weight, the ALJ must consider the following non-exclusive list of factors to determine the weight to afford the physician's opinion: (1) the length of the treatment relationship and the frequency of examinations; (2) the nature and extent of the treatment relationship; (3) the evidence with which the physician supports his opinion; (4) the consistency of the opinion; (5) whether the physician is a specialist in the area in which he is rendering an opinion; and (6) other factors that support or contradict the opinion. 20 C.F.R. § 404.1527(c); *see also Johnson*, 434 F.3d at 654. The Commissioner must provide specific reasons, supported by the record, for the weight afforded a treating physician's medical opinion. SSR 96-2p.

The Court agrees with the Magistrate Judge's recommendation to affirm the weight the ALJ gave to Dr. Westrol's opinion. To the extent Dr. Westrol's May 28, 2012 opinion can be considered a *medical* opinion,[3] the Magistrate Judge correctly noted the ALJ provided adequate reasons for

---

[3] Dr. Westrol's opinion appears to contain an improper legal conclusion. *See Morgan v. Barnhart*, 142 F. App'x 716, 721-23 (4th Cir. 2005) (discussing the distinction between medical opinions, which concern issues reserved to physicians, and legal conclusions, which "are opinions on issues reserved to the ALJ"). The requirement that the ALJ give a treating physician's opinion controlling weight hinges, in part, on whether the opinion is a

12

assigning "some weight" to this particular opinion. R & R at 14-15. The first paragraph of Dr. Westrol's opinion simply summarizes his past treatment of Plaintiff and provides an inconclusive statement that Plaintiff "does complain of more widespread pain *for which I do not have a clear etiology*." Tr. at 429 (emphasis added). The second paragraph of Dr. Westrol's opinion states Plaintiff should "be limited to no more than sedentary work with sedentary work" and "would need to have a job with minimal physical demands." *Id.* In discounting this portion of Dr. Westrol's opinion, the ALJ found Plaintiff's condition was not severe enough to limit him to "the sedentary exertional level" and concluded Plaintiff can perform light work, as defined in 20 CFR 404.1567(b), with postural and environmental restrictions. Tr. at 26, 30. In finding that Plaintiff could work at a light exertional level and that Plaintiff's clinical course of treatment had remained stable since March 11, 2010 (the day prior to Plaintiff's alleged disability onset date), the ALJ considered objective medical evidence, including the medical records of treating physicians Dr. Westrol and Dr. Ashish Shanbhag and consulting physician Dr. Larry Korn. Tr. at 29-31. The 2010-2012 medical records of Drs. Westrol and Shanbhag contain no medical findings of nerve root or spinal cord compression, which is a specific criterion the ALJ uses to determine whether a back impairment meets the listing requirements. *See generally* 20

---

*medical* opinion. *See* 20 C.F.R. § 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions."). The mere fact that an opinion is from a physician does not automatically mean the opinion is a medical opinion entitled to controlling weight. *Morgan*, 142 F. App'x at 722.

Here, Dr. Westrol's opinion about whether Plaintiff could work an eight-hour day exceeds the scope of the nature or severity of Plaintiff's impairment. Tr. at 429. The opinion requires an assumption about the *type* of work Plaintiff can perform. Accepting Dr. Westrol's opinion as a purely medical opinion would effectively deprive the ALJ of her prerogative to determine disability and bestow that prerogative upon the treating physician, an impermissible consequence at odds with the purposes of the regulations and their enabling statutes. *See, e.g.*, 20 C.F.R. § 404.1527(d) ("Opinions on some issues . . . are not medical opinions, as described in paragraph (a)(2) of this section, but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., *that would direct the determination or decision of disability*." (emphasis added)); *Morgan*, 142 F. App'x at 722 (finding a treating physician's opinion that the claimant "'can't work a total of an 8 hour day'" was an improper legal conclusion that the ALJ correctly discredited).

13

C.F.R. § 404, Subpt. P, App. 1.  Both Drs. Westrol and Shanbhag concluded Plaintiff had normal gait, balance, and muscular strength, and that Plaintiff functioned well with proper medication.  Tr. at 335-68, 381-93, 415-22, 431-36.  Dr. Korn, in his consultative examination of Plaintiff, noted Plaintiff's history of back pain but found no current spinal or neurological incapacitation.  Tr. at 316-20.  Thus, the Court finds substantial evidence supports the ALJ's decision to give "only some weight" to Dr. Westrol's opinion.  Tr. at 30; *see Craig*, 76 F.3d at 590; *Mastro*, 270 F.3d at 178.

## Conclusion

The Court has thoroughly reviewed the entire record as a whole, including the administrative transcript, the briefs, the Magistrate Judge's R & R, Plaintiff's objections to the R & R, and the applicable law.  For the reasons set forth in the Court's order and the Magistrate Judge's R & R, the Court overrules Plaintiff's objections and adopts and incorporates by reference the R & R.  The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

Florence, South Carolina                                          s/ R. Bryan Harwell
August 13, 2015                                                       R. Bryan Harwell
                                                                              United States District Judge